UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.O. LEE,

    Plaintiff,

v.

                            Civil Case No. 14-11216
                            Honorable Linda V. Parker

FOXPOINTE CONDOMINIUM
ASSOCIATION, ET AL.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO SET ASIDE ORDER DATED AUGUST 27, 2014 (ECF NO. 29) AND DENYING AS MOOT PLAINTIFF'S MOTION TO SET ASIDE ORDER DATED AUGUST 27, 2014 (ECF NO. 26)

This matter is presently before the Court on Plaintiff's amended motion to set aside this Court's August 27, 2014 decision, remanding a complaint removed by Plaintiff from state to federal court and filed in this action. (ECF No. 29.) Plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 60(b) on September 10, 2014, which amends a previous motion filed September 3, 2014. (ECF No. 26.) For the reasons that follow, Plaintiff's amended motion is denied and his initial motion is denied as moot.

Plaintiff filed this action against Defendants on March 24, 2014, alleging various violations of state and federal law. Plaintiff filed a notice of removal on

the docket in this case on May 29, 2014, purportedly removing a state court action that Defendant Foxpointe Condominium Association ("Foxpointe") filed against him in the Circuit Court for Oakland County, Michigan: Oakland County Circuit Court Case No. 2014-140762-CH.  (ECF No. 4.)  In the complaint filed in state court, Foxpointe seeks to foreclose on a condominium unit owned by Plaintiff due to Plaintiff's alleged failure to pay assessments due under the condominium association's bylaws.  (*See* ECF No. 14, Ex. 1.)  In his May 29, 2014 notice of removal, Plaintiff asserts that Foxpointe's complaint is properly removed to federal court because "the underlying dispute arose from the same transactions violating federal law as detailed in [his] federal complaint."  (ECF No. 4 at 2.)

On June 19, 2014, Foxpointe filed a motion to remand its complaint to state court, arguing that federal subject matter jurisdiction over the complaint is lacking. (ECF No. 22.)  The motion included a certificate of service indicating that Foxpointe served the motion on Plaintiff by mailing a copy to the address for Plaintiff provided on the docket.  (ECF No. 22 at Pg ID 89.)  This Court issued an order on August 27, 2014, remanding the complaint to state court because subject matter jurisdiction in fact is lacking with respect to Foxpointe's complaint against Plaintiff, *which is an independent action from* Plaintiff's lawsuit against Defendants here.

In his present motion, Plaintiff argues that the Court's decision should be set aside pursuant to Federal Rule of Civil Procedure 60(b)(3) due to fraud and misrepresentation by Foxpointe with regard to service of the motion upon him. Plaintiff asserts that he never received a copy of the motion. Plaintiff also argues that federal subject matter jurisdiction exists based on the allegations in *his complaint* concerning Defendants' alleged violations of federal law.

Rule 60(b)(3) provides that a party may be relieved of an order or judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Sixth Circuit has explained that a party seeking to set aside a dismissal under Rule 60(b)(3) must "show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding in question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir.2008) (internal quotation marks and citation omitted). For the purpose of a Rule 60(b)(3) motion, fraud is defined as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Id.* at 456 (citing Blacks Law Dictionary 685 (8th ed. 2004); 37 Am. Jur. 2d Fraud and Deceit § 23 (2001)). "Fraud thus includes deliberate omissions when a response is required by law or when the non-moving

party has volunteered information that would be misleading without the omitted material." *Id.* (citation and internal quotation marks omitted). This standard is not satisfied here.

There is no evidence that Foxpointe's representation on its certificate of service was false, rather than that Foxpointe in fact sent its motion to Plaintiff but the mailing for some unknown reason was never received. There also is no evidence to suggest that, if false, it was knowingly made. Moreover, whether Foxpointe served Plaintiff with the motion is not material to the Court's decision, and the representation had no impact on the fairness of the Court's treatment of the remand issue.

This in part is because the Court was prepared to sua sponte remand Foxpointe's complaint to state court before receiving Foxpointe's motion, as there can be no question that federal subject matter jurisdiction is lacking over Foxpointe's foreclosure complaint. Plaintiff may have brought a complaint against Foxpointe for which subject matter jurisdiction exists and Plaintiff may have a defense to Foxpointe's foreclosure action that is based on federal law. Neither circumstance, however, confers federal subject matter jurisdiction over Foxpointe's foreclosure action. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (stating "now settled law that a case may not be removed to federal court on the

basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint . . ..)

Accordingly,

**IT IS ORDERED**, that Plaintiff's Amended Motion to Set Aside Order Dated August 27, 2014 Pursuant to Federal Rules of Civil Procedure 60(b) [ECF No. 29] is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Set Aside order Dated August 27, 2014 Pursuant to Federal Rules of Civil Procedure 60(b) [ECF No. 26] is **DENIED AS MOOT**

S/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 28, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 28, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury  
Case Manager