UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.O. LEE,

        Plaintiff,        Civil Case No. 14-11216
                              Honorable Linda V. Parker

v.

FOXPOINTE CONDOMINIUM
ASSOCIATION et al.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS (ECF NO. 12) AS TO THE FEDERAL CLAIMS ONLY; DISMISSING THE STATE LAW CLAIMS WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1367(c)(3)**

Plaintiff F.O. Lee ("Plaintiff"), who has filed his complaint in pro per, is a co-owner of the Defendant Foxpointe Condominium Association (the "Association"), located in Oakland County, Michigan. Defendants Makower Abbate PLLC and Kelly Belcher are a law firm and paralegal at the law firm, respectively, who represent the Association in various matters, including collection of unpaid condominium assessments. Plaintiff filed this lawsuit on March 24, 2014, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*; and Michigan state law claims of breach of fiduciary duty, fraud, deceit, constructive fraud, negligent misrepresentation, and

1

negligence. (ECF No. 1.) On June 12, 2014, Defendants Makower Abbate PLLC and Kelly Belcher filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12.) Thereafter, the Association, as well as Defendants Rita Folbe, Ralph Marcus, Marcus Management, Inc., Marv Perlin, Raymond Silverman, and Murray Slomovitz joined in the motion to dismiss and filed a motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 18.) The motion for judgment on the pleadings asserts the identical arguments raised in the motion to dismiss, and the Court will therefore address the motion to dismiss solely. For reasons that follow, the motion to dismiss is **GRANTED IN PART** as to the federal claims, and the state claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## I.

Plaintiff alleges that the developer of the Association represented that the Association would be "managed professionally in the interests of each unit owner." (Compl., ECF No. 1 at Pg. ID 4.) Plaintiff, in reliance of the developer's representations, bought a condominium, and now believes that the purchase "was a product of fraud by Defendants, as part of the schemes to inflict improper, unnecessary or excessive fees, charges and levies to enrich management…" (*Id.*)

Plaintiff further states:

Defendants, acting in concert with other co-Defendants, have over the years employed various schemes and acts, e.g., (i) willfully and

2

> maliciously harassing and abusing Plaintiff with threats and frivolous actions to collect illegal debts from Plaintiff, (ii) inflating monthly condo fees to exact undue fees from Plaintiff through unnecessary and improper installation of meters, fraudulent billings and impermissible reselling of water at a substantial markup from the source billing, and (iii) undertaking a road repair project at [the] excessive price of $2.5 Million, and (iv) incurring unnecessary and excessive engineering fees of $260,000 for the road repair project, among others, absent notice and hearing, violating RICO, FDCPA and Michigan law, causing injuries and damages to the property or business of Plaintiff and other unit owners.

(*Id.* at Pg. ID 4–5.)

In the complaint, Plaintiff explains that he was out of the country from September 1, 2011 to December 9, 2012; that while he was away, management for the association installed a new water meter at Plaintiff's condominium, and charged Plaintiff for "reselling the water usage at a substantial mark-up from the cost of purchase from the public water company," in addition to charging Plaintiff for "normal and sewage usages that had otherwise been included in monthly condo fees." (*Id.* at Pg. ID 5.) Plaintiff further asserts that "Defendant management further acted in concert with Defendant Water Watch creating fraudulent billings resulting in overly inflated usage of water" while he was out of the country. (*Id.* at Pg. ID 5–6.)

On March 24, 2014, Plaintiff filed his lawsuit. (ECF No. 1.) Shortly thereafter, Defendants filed their motion to dismiss. (ECF No. 12.)

## II.

Only a complaint that states a plausible claim for relief survives a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Courts must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012). Further, the complaint must plead factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (2009). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555. A pro se complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### III.

Defendants assert that Plaintiff has failed to adequately plead the RICO claim against them. (Defs.' Mot., ECF No. 12 at Pg. ID 59.) The Court agrees. Section 1962(c) of Title 18 of the United States Code provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). To prevail on a RICO cause of action, Plaintiff must establish "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. "*Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). Because the complaint lacks facts establishing a "pattern of racketeering activity," and thus fails to state a RICO claim, it is therefore unnecessary to address any of the other RICO elements.

To establish a RICO violation under § 1962(c), a plaintiff must allege that the RICO enterprise engaged in a "pattern of racketeering activity" consisting of at least two predicate acts of racketeering activity occurring within a ten-year period. 18 U.S.C. § 1961(5). The alleged predicate acts may consist of offenses "which are indictable" under any of a number of federal statutes, including the mail (18 U.S.C. § 1341) and wire fraud statutes (18 U.S.C. § 1343). 18 U.S.C. § 1961(1).

In Plaintiff's complaint, he states "Defendants are the ever evolving teams of players, using the US mail through various entities and schemes over and over to inflict damages and injuries to the property of business of Plaintiff and other unit owners violating RICO…" (Compl., ECF No. 1 at Pg. ID 4.) In Count 1 of Plaintiff's complaint, Plaintiff further asserts that:

> Defendant[s] acted in concert with each other forming an enterprise to collect, on many occasions and through U.S. mail, illegal, excessive and wrongful water bills by changing the water billing system and installing water meters that failed to comply with the code, extracting exploiting and collecting illegal income from Plaintiff.
>
> Defendants chose to commit such wrongful acts against Plaintiff knowingly, willfully, recklessly and maliciously, notwithstanding Plaintiff's repeated requests to cease and desist such wrongful acts.

(Compl., ECF No. 1 at Pg. ID 7.)

To the extent the Court is able to understand Plaintiff's allegations, Plaintiff appears to be asserting that as a result of a dispute in billing, Defendants have engaged in a pattern of racketeering activity involving mail fraud. Again, Plaintiff must allege that the RICO enterprise engaged in a pattern of racketeering activity consisting of at least two predicate acts of racketeering activity occurring within a ten-year period, and the alleged predicate acts may consist of offenses "which are indictable" under any of a number of federal statutes, including the mail (18 U.S.C. § 1341). 18 U.S.C. 1961 (1) and (5). Further, "[c]onsistent with Rule 9(b), RICO plaintiffs must allege the time, place and contents of the misrepresentations." *Moon*

*v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (1984). Plaintiff has failed to plead at least two predicate acts of mail fraud with the requisite particularity. Specifically, he has not alleged the time, place, or contents of any alleged acts of mail fraud.

Plaintiff fails to plead factual content that allows the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged. Plaintiff's complaint must contain "plausible statements as to when, where, in what, or by whom*,"* *Center for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011), in order to avoid merely pleading an "unadorned, the-defendant-unlawfully-harmed me accusation," *Iqbal*, 556 U.S. at 678. Consequently, Plaintiff's RICO claim is dismissed.

## IV.

Next, Defendants contend that Plaintiff has failed to adequately plead the FDCPA claim against them. The Court agrees. In support of his FDCPA claim, Plaintiff states:

> Defendants…over the years employed various schemes and acts, e.g., (i) willfully and maliciously harassing and abusing Plaintiff with threats and frivolous actions to collect illegal debts from Plaintiff, (ii) inflating monthly condo fees to exact undue fees from Plaintiff through unnecessary and improper installation meters, fraudulent billings and impermissible reselling of water at a substantial markup from the source billing…

7

(Compl., ECF No. 1 at Pg. ID 5.) Plaintiff further states that "Defendants knew that the alleged debt against Plaintiff was a product of fraud or negligence, but chose to collect illegally, to Plaintiff's detriment. Defendants chose to commit such wrongful acts against Plaintiff knowingly, willfully, recklessly and maliciously, notwithstanding Plaintiff's repeated requests to cease and desist such wrongful acts." (*Id.* at Pg. ID 7.)

Plaintiff does not indicate which provisions of the FDCPA he feels were violated. Plaintiff makes general conclusions alleging harassment and false or misleading representations on the part of Defendants (*Id.* at Pg. ID 5-7), which suggests that Plaintiff may have intended to assert violations of § 1692(d) (providing that a debt collector may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt") and § 1692(e) (prohibiting debt collectors from using "false, deceptive, or misleading representations" or "unconscionable means" to collect debts) of the FDCPA. However, the Court need not make a determination as to what provisions of the FDCPA Plaintiff is alleging that Defendants violated, given that the complaint lacks facts establishing a violation of the FDCPA. Plaintiff asserts general legal conclusions in support of his FDCPA claim. As previously stated, a complaint must contain more than labels and conclusions to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Without adequate factual

allegations to support *each element of the claims raised*, a plaintiff fails to plead factual content that allows a court to draw a reasonable inference that a defendant is liable for the misconduct alleged. *See id.*; *Iqbal*, 556 U.S. at 678 (2009). Accordingly, the Plaintiff's FDCPA claim is dismissed.

## V.

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical. Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir.1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc.*, 89 F.3d at 1254–1255 (6th Cir.1996)) (quotation marks omitted). "Where, as here, the federal claims have dropped out of the case at an early stage of the litigation, the [d]istrict [c]ourt has a powerful reason to choose not to continue to exercise jurisdiction." *Clayton v. Decision One Mortgage Corp.*, No. 09-10458, 2009 WL 1544381, at *4 (E.D. Mich. June 2, 2009) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

Given that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. §

1367(c)(3), having eliminated the federal claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and accordingly, the Court dismisses the state law claims.

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART** as to Plaintiff's RICO and FDCPA claims. Pursuant to 28 U.S.C. § 1367(c)(3), the remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

    **SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: March 13, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 13, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager