UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F.O. LEE,

        Plaintiff,                        Civil Case No. 14-11216
                                                          Honorable Linda V. Parker

v.

FOXPOINTE CONDOMINIUM
ASSOCIATION, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 61]

### I.    Procedural History

Plaintiff F.O. Lee ("Plaintiff"), who has filed his complaint in pro per,[1] is a co-owner of the Defendant Foxpointe Condominium Association (the "Association"), located in Oakland County, Michigan. Plaintiff filed this lawsuit on March 24, 2014, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*; the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.*; and Michigan state law claims of breach of fiduciary duty, fraud, deceit, constructive fraud, negligent misrepresentation, and negligence. (ECF No. 1.)

---

[1] An attorney, Timothy J. Harrington, entered an appearance on Plaintiff's behalf on April 10, 2015. (ECF No. 55.)

1

Defendants Makower Abbate PLLC and Kelly Belcher filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 12). Subsequently, Defendants Foxpointe Condominium Association (the "Association"), Rita Folbe, Ralph Marcus, Marcus Management, Inc., Marv Perlin, Raymond Silverman, and Murray Slomovitz joined in the motion to dismiss. (ECF No. 18.) On March 13, 2015, the Court granted the motion to dismiss as to Plaintiff's federal claims and dismissed his state claims pursuant to 28 U.S.C. § 1367(c). (ECF No. 53.)

The two remaining Defendants in this action are Defendants Todd C. Quarterman and Water Watch Corporation (collectively "Defendants"). On December 15, 2015, Plaintiffs applied to the Court for a default judgment against defendants, in accordance with Federal Rule of Civil Procedure 55(b)(2), by way of filing a motion for default judgment on the docket. (ECF No. 61.) A hearing was held on January 26, 2016.

## II. Applicable Law & Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Further, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the

amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1) When the plaintiff's claim is not for a sum certain, however, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Additionally, when determining whether default judgment should enter, courts in this district consider the following:

> [T]he Court has broad discretion in determining the circumstances under which a default judgment should enter. See, e.g., *In re The Home Restraurants, Inc.*, 285 F.3d 111, 114-15 (1st Cir. 2002). As the authorities have noted, "[t]his element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when [a] defendant is technically in default and that fact has been noted under Rule 55(a)." Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed.1998). Among the factors that the Court may consider include how harsh an effect a default judgment would have and whether the facts alleged in the complaint state a valid cause of action. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981); *Wolf Lake Terminals, Inc. v. Mutual Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005); Wright & Miller, 10A Federal Practice & Procedure § 2685 (3d ed.1998).

*Palmer v. Buscemi*, No. CIV. 05-10094, 2007 WL 2903203, at *7 (E.D. Mich. Sept. 30, 2007).

This Court previously explained in its March 13, 2015, Opinion and Order (ECF No. 53) – granting the motion to dismiss joined in by all other Defendants – that Plaintiff's complaint does not state a valid claim against any Defendants in this action for a violation of federal law, given that: (1) Plaintiff failed to allege facts

sufficient to establish a RICO violation under 18 U.S.C. § 1962(c); and (2) concerning his FDCPA claim, Plaintiff asserts general legal conclusions insufficient to establish a violation of the act. (ECF No. 53 at. Pg. ID 5–9.) The Court relies on its reasoning in its prior Opinion and Order (*Id.*) to determine that Plaintiff does not state a valid claim against Defendants Todd C. Quarterman and Water Watch Corporation.

The district court must exercise "sound judicial discretion" when determining whether to enter judgment by default. *Amica Mut. Ins. Co. v. Epplett*, No. 15-10442, 2015 WL 5469946, at *4 (E.D. Mich. Sept. 15, 2015) (further citations omitted). Given that Plaintiff has failed to state a cause of action for any federal claim, and this Court declines – pursuant to 28 U.S.C. §1367(c)(3) – to exercise supplemental jurisdiction as to the remaining state law claims, the severely harsh effect that would result from entering default against the remaining Defendants would be improper.

At the default judgment hearing held on January 26, 2016, Plaintiff's counsel asserted that complete diversity jurisdiction exists over the remaining two Defendants, and that the Court must therefore consider Plaintiff's remaining state law claims as to the remaining Defendants. Plaintiff's counsel neglects the general rule that, for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they

existed at the time of filing. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004). At the time of filing, complete diversity was lacking – due to the fact that Plaintiff and various Defendants were residents of Michigan – thereby rendering Plaintiff's counsel's assertion futile. As stated previously, having dismissed the federal claims, the Court – pursuant to 28 U.S.C. §1367(c)(3) – declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

Accordingly, for the foregoing reasons, Plaintiff's motion for default judgment against Defendants Todd C. Quarterman and Water Watch Corporation is **DENIED**; his federal claims against these Defendants are **DISMISSED WITH PREJUDICE**; and his state law claims against these Defendants are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 4, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 4, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

5